The facts of this case appear in the opinion of the court.

By the Court,

Savage, Ch. J.
This is a motion on the part of the corporation of New-York to discontinue proceedings, for the reason that the proposed improvement will do more private injury than any public good, which will be derived from it. It is not shown in opposition that injury will accrue to any one by reason of such discontinuance. The question is therefore reduced to a question of power or jurisdiction, on the part of the corporation and this court.
In the case of The People v. The Corporation of Brooklyn, 1 Wendell, 322, I had occasion to consider this question, and came to the conclusion that the corporation might discontinue at any time before rights became vested, by virtue of their proceedings, either in the public or in individuals; and that such rights do not vest until the confirmation of the report of the commissioners of estimate and assessment. I shall not repeat the remarks then made, but only add that without such power great injustice might often be done. It is sometimes impossible for the corporation to judge satisfactorily upon the propriety of certain improvements, until the proceedings have progressed to the report of the commissioners. When the corporation have determined the matter, that the opening a new street would benefit the city, still, if the injury to individuals would exceed the benefit to the public, it is improper to proceed.
The principle that private property shall not be taken for public use without just compensation, is found in the ^constitution and laws of this state, and has its foundation in those.elementary principles of equity and justice, which lie at the root of the social compact. The corporation may .see the extent of the benefit of any improvement, before proceedings are commenced ; but the extent of injury to be done to individuals cannot be known to them until the coming in of the report of the commissioners ; they may then be satisfied that the property whjeh is to be benefitted will not be benefitted to the extent of the assessment necessary to indemnify those whose properly is taken from them. What are they to do ? If they proceed, they deprive some persons of their property unjustly ; if the report of the commissioners is correct, the amount awarded to the owners of property taken cannot be reduced without injustice to them. If the assessment is confirmed and enforced, the owners of the adjacent property must pay beyond the enhanced value of their own property, and all such excess is private property, taken for public use, without just compensation. In this case it is assumed, and not contradicted, that many individuals will be ruined, if compelled to pay the assessments for which they are liable. In such a case it would be the height of injustice to proceed; and proceedings should not be compelled, unless this court has no discretion to exercise.
It is said that this court act as commissioners, and when they have once *157 done an act, they become fundi officio, and have no further power over the subject. When we are reviewing the proceedings of the commissioners of estimate and assessment this is true, and when once their report is confirmed by this court, it cannot be opened and reviewed again in the same court; we cannot set aside those proceedings upon the merits, any more than arbitrators can do so after having signed and published their award. But we are not yet in that predicament; we are not called on to confirm the report of the commismissioners; we are asked to permit a discontinuance of the proceedings. If it is said that that is a power not conferred, I answer it is not conferred in express terms, at any stage of the proceedings ; and if there is a want of power in this case, the same want of power existed in the case of Dover *Street, 18 Johns. R. 506, where no commissioners were in office. The effect of this doctrine would be to compel the corporation and the court to proceed in all cases in which the first incipient step had been taken But though the court, in these proceedings, act quasi commissioners, in reviewing and confirming the proceedings below, yet we act also as a court in many respects, and I think, in all respects, except in reviewing our own decisions. We act as a court in the appointment of the commissioners ; if they misbehave, we may punish them by attachment, as we might referees, in a cause committed to them. If, for any cause, persons appointed as commissioners are shown to be improper, we may by virtue of the power of appointment, remove them, and appoint others; we are not the mere conduits of conveying authority to the commissioners. They become officers of our court; the proceeding is a proceeding in our court, the effect of which is the transfer of title to real estate to an immense amount; and it would be extraordinary, in such a case, that this court should be mere automata. It has been decided that we cannot re-consider our own decisions; but beyond that our power as a court has not been questioned. Our decisions are judgments, which are subject to review in the court of errors.
I have no doubt of the power to grant the motion, nor that it should be exercised in this case.